

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EDWARD LEE BOONE,

    Petitioner,

v.                                  Civil Action No. 3:13CV510

HAROLD W. CLARKE,

    Respondent.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered February 25, 1998, the Court denied a 28 U.S.C. § 2254 Petition filed by Edward Lee Boone, challenging his 1988 conviction in the Circuit Court of the County of Greenville, Virginia ("Circuit Court") for one count of statutory burglary. Boone v. Angelone, No. 3:97cv530 (E.D. Va. Feb. 25, 1998). On August 2, 2013, the Court received a successive, unauthorized 28 U.S.C. § 2254 from Boone challenging his 1988 conviction in the Circuit Court.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move

in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Boone has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition, this Court lacks jurisdiction to entertain the present § 2254 petition. Accordingly, the action will be dismissed for lack of jurisdiction.[1] A certificate of appealability will be denied.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: January 27, 2014
Richmond, Virginia

---

[1] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Boone fails to satisfy this standard.